**Anastasia BRISCOE, Plaintiff,**

v.

**COMPAGNIE NATIONALE AIR FRANCE, also known as Air France, Defendant.**

**No. 67 Civ. 5061.**

United States District Court
S. D. New York.

Sept. 30, 1968.

---

William A. Hyman and Melville Harris, New York City, for plaintiff.

Bigham, Englar, Jones & Houston, New York City, for defendant.

WYATT, District Judge.

This is a motion by plaintiff for summary judgment "interlocutory in character", in her favor on the issue of liability, leaving for trial only the amount of damages. Fed.R.Civ.P. 56(e).

The action was commenced in the New York Supreme Court, New York County. The claim averred in the complaint is that plaintiff bought from defendant Air France a ticket for air travel to Belgrade, Yugoslavia, by way of Paris; that returning from Belgrade the aircraft landed at Munich; that in the course of disembarking plaintiff sustained personal injuries; that the contract for air travel between plaintiff and Air France was subject to the Warsaw Convention; and that under the terms of the Warsaw Convention the air carrier is absolutely liable for any personal injury sustained by a passenger in the course of disembarking from the aircraft.

The defendant timely removed the action to this Court on the basis of diversity of citizenship.

It appears without dispute that on August 10, 1967, plaintiff bought from Air France in New York a ticket for air travel by Air France from New York to Paris by specific flight on August 31, from Paris to Belgrade by specific flight on September 1, from Belgrade to Paris on a date and flight number not specified, and from Paris to New York on a date and flight number not specified. On the ticket to the left of the final destination, New York, is the date September 21, 1967, apparently indicating the date plaintiff expected to arrive back in New York; this would mean a departure from Belgrade on September 20, 1967.

The initials "AF" for Air France appeared on the ticket to indicate the air carrier New York to Paris, from Paris to Belgrade, from Belgrade to Paris, and from Paris to New York. The ticket as issued contemplated that the return trip from Belgrade would be by Air France.

It also appears that when plaintiff decided to return from Belgrade she wished to return starting from Belgrade on Thursday, September 14, 1967. At that time Air France had no flights from Belgrade to Paris on Thursdays; the Air France flights from Belgrade to Paris were on Wednesdays and Fridays.

Yugoslav Airways, however, did have a flight (No. 240) from Belgrade to Paris on Thursdays. This flight stopped en route at Munich.

In order to permit plaintiff to start her flight on Thursday, September 14, Air France in Belgrade changed her ticket to substitute Yugoslav Airways as the carrier from Belgrade to Paris and to provide for passage for plaintiff on Flight No. 240 of Yugoslav Airways on September 14. The substitution was made by sticking a "revalidated form" on the original ticket at the place where the original ticket provided for transport from Belgrade to Paris by Air France. The "revalidated form" shows the carrier from Belgrade to Paris to be "JU", concededly referring to Yugoslav Airways; shows the flight number to be 240; and shows the date to be September 14.

Plaintiff did take Yugoslav Airways Flight No. 240 on September 14 and suffered her injuries as averred when the Yugoslav plane stopped at Munich.

It is agreed by both sides that the Warsaw Convention (49 Stat. 3000) is applicable to the contract of carriage.

Admittedly plaintiff was injured while on a flight of Yugoslav Airways.

Whether Air France is liable to plaintiff depends on whether Yugoslav Airways was a "successive carrier" within the meaning of Article 30 of the Convention which reads in relevant part as follows (49 Stat. at 3021):

"(1) In the case of transportation to be performed by various successive carriers and falling within the definition set out in the third paragraph of article 1, each carrier who accepts passengers, baggage or goods shall be subject to the rules set out in this convention, and shall be deemed to be one of the contracting parties to the contract of transportation insofar as the contract deals with that part of the transportation which is performed under his supervision.

"(2) In the case of transportation of this nature, the passenger or his representative can take action only against the carrier who performed the transportation during which the accident or the delay occurred, save in the case where, by express agreement, the first carrier has assumed liability for the whole journey."

If Yugoslav Airways was a "successive carrier", then plaintiff may "take action" only against it; if Yugoslav Airways was not a "successive carrier" then Air France is liable in this action.

The question is not easy to answer.

The contract of transportation was made in New York and contemplated transportation by Air France alone.

The date and the time of the return flight were not provided for and the contract to this extent was incomplete, it evidently being understood that the parties would later agree on these terms.

The argument for plaintiff is simply that the contract of transportation made at New York and evidenced by the ticket did not provide that the transportation was "to be performed by various successive carriers" and thus that the provisions of Article 30(1) and (2) cannot be applied.

■ The difficulty with this argument is that it ignores what happened in Belgrade. In effect, the parties there completed and amended the contract made in New York by designating Yugoslav Airways as the carrier from Belgrade to Paris (in place of Air France) and by specifying the date and time of departure from Belgrade. The reason for designating Yugoslav Airways in place of Air France was for the convenience of plaintiff because on the day she wished to leave Belgrade Air France had no flight. The reason, however, is of no significance for the problem here.

■ Since the completion and amendment at Belgrade was within the contemplation of the parties when the contract was made in New York, it seems only fair and reasonable to treat the completion and amendment as relating back to the making of the contract at New York. In this view, Yugoslav Airways was a "successive carrier" and plaintiff may not proceed against Air France.

The result is not in any way unfair to plaintiff. If she had known in New York that she wished to leave Belgrade, as she did, on September 14, 1967, then the ticket at New York would there have been written to provide that transportation from Belgrade to Paris was "to be performed" by Yugoslav Airways. In that event, clearly plaintiff could proceed only against Yugoslav Airways as a "successive carrier". If plaintiff had not arranged at New York for transportation from Belgrade but had gone to Air France in Belgrade and had made an original contract there for the same transportation as was in fact provided under her New York ticket, then transportation from Belgrade to Paris under such contract would have been provided "to be performed" by Yugoslav Airways. In that event also, clearly plaintiff could proceed only against Yugoslav Airways as a "successive carrier". It would be strange and illogical to reach a different result merely because of the circumstance that the contract incomplete in New York was completed and amended in Belgrade.

No authority on the point here involved has been cited and none has been found. There is an interesting discussion of a "substitution" of carriers in Shawcross and Beaumont on Air Law (3d ed.) at page 412:

"A further question is whether successive carriage can arise where the original contracting carrier, after the contract of carriage has been concluded, substitutes another carrier for part of the journey under a contractual right in the contract of carriage enabling him to make such a substitution. An affirmative answer to the question was given by the District Court of Amsterdam in a case in which the Court found successive carriage where Pan American Airways substituted K.L.M. for part of the journey under a substitution clause. As reported, however, the question does not appear to have been fully discussed. In a parallel case there was held to be successive carriage where, in a round-trip, London-Paris-Rome-Tel Aviv-London, the passenger exercised a right to substitute carriers, contained in the contract of carriage with Air France covering the journey, by substituting El Al, on arrival in Paris, as carrier for the journey Paris to Tel Aviv. However, it is difficult to see how substitution of a carrier made after the carriage has commenced can amount to successive carriage, because, instead

of being carriage which at the time of the contract of carriage was *to be performed* by successive carriers, it would instead be carriage which *might* be performed by successive carriers." (emphasis in original)

The "substitution" to which reference is made above is a unilateral substitution —by carrier or by passenger—under a contract provision giving such right of substitution. The tickets as issued apparently provided in the one case for transportation during the entire journey by Pan American and in the other case by Air France. Pan American exercised its right of substitution and for one leg of the flight used KLM to replace Pan American itself. In the other case the passenger exercised his right of substitution and for one leg of the flight used El Al Israel to replace Air France. It was found that KLM and El Al Israel were "successive carriers" under Article 30(2). The treatise suggests some criticism of the decisions but no such criticism would be applicable to the situation at bar where both parties agreed to the substitution of Yugoslav Airways for Air France on the Belgrade-Paris leg and where the original contract was incomplete.

 The same treatise quoted above seems clearly right when it elsewhere (page 410) states:

"* * * there would be no successive carriage where a carrier, without the passenger's agreement, engaged another carrier to perform the whole or part of the carriage."

The situation at bar is entirely different because the passenger (plaintiff) not only agreed to the substitution and completion but it was done for her own convenience.

The motion of plaintiff for summary judgment must be, and is, denied.

No motion has been made by Air France for summary judgment but it is evident that such a judgment should be entered and the Court has authority to direct entry of such judgment even though there is no motion. 6 Moore's Federal Practice (2d ed.) 2241–46.

The Clerk is directed to enter judgment in favor of defendant dismissing the action.

So ordered.